FILED

JUL 2 9 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN, DIVISION

GUADALUPE PADILLA,           X
     Petitioner,

                         X
V.

*LORIE DAVIS*          ,     X
Director, Texas Department of    X
Criminal Justice - Correctional
Institutional Division,      X
      Respondent,

**A19CV0769 LY**

CIVIL NO. _____

## PETITION FOR WRIT OF HABEAS CORPUS

Guadalupe Padilla, Petitioner pro se, is illegally restrained of his liberty in the C..T. Terrell Unit of the Texas Department of Criminal Justice - Correctional Institutional Division, pursuant to judgement of the 167th District Court of Travis County, Texas. Petitioner seeks relief under 28 U.S.C. §2254.

## PETIONENER RESPECTFULLY REQUESTS THAT
## COURT LIBERALLY CONSTRUE HIS CLAIMS  FOR RELEIF.

## STANDARD OF REVIEW

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), the Court announced that federal courts are not permitted to grant a writ of habeas corpus unless the adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the State court proceeding. 28 U.S.C. §2254.

1.

## State Court Findings Inadequate

3.    Petitioner contends the State court's fact finding process, if any, is objectionable in light of the evidence presented by Petitioner in State habeas corpus application.  (FN 1) The presumption of correctness is overcome because of clear and convincing post-conviction DNA test results excluded Petitioner's DNA profile, contradicting the prosecution's trial theory presented to the jury, that Petitioner was person responsibe for infecting alleged victim with sexually transmitted disease/DNA material during the course of the sexual assault on Oct. 22, 1994: (St. H.C., Exh. #1-#4)

   * Trial testimony of State's Forensic/Medical Expert, Exh. #1;
   * DNA Test Results, Exh. #2 & #3;
   * Opinion of Third Court of Appeals of Texas - Appeal of DNA Test Results, Exh. #4;

### FACTUAL PREDICATE OF CLAIM

4.    Because Applicant is complaining about actions taken by the Texas Board of Pardons and Paroles (BPP), on May 15, 2018, Applicant could not have brought these claims in an earlier habeas corpus application under 28 U.S.C. §2254. Because the factual predicate for present parole related claims occured on May 15, 2018, after my earlier habeas corpus application was filed, this proposed application is not successive. Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003).

## Statutory Conditions of Parole Eligibility are
## Part of Punishment Assessed by the Jury

5.    Because the statutory conditions of parole eligibility are part of the punishment of a crime, any fact that is necessary to

FN 1 - Citation to State Habeas Corpus Record - (St. H. C. Rec ).

determine a prisoner's parole eligibility or ineligibility must be submitted to a jury and found beyond a reasonable doubt. Applicant challenges those statutory conditions of parole eligibility as they relate to punishment assessed by the jury.

6.    Here, post-conviction DNA testing raised factual issues contradicting the evidence and aggravating elements supporting convic- tion, that was presented to the jury at trial. In other words, the jury did not hear new evidence that could have changed or impacted the outcome of the trial, at either the guilt/innocence phase or the punishment phase.

## NATURE OF CLAIM

7.    This is a habeas corpus action seeking relief from the State's knowing and intentional denial, under color of State law, of Appli- cant's eligibility and suitability for parole and concurrent right to a parole hearing, in violation of Applicant's right to a jury trial and to due process under the Sixth and Fourteenth Amendments to the U.S. Constitution.

8.    The Fifth Circuit has held that challenges to the result of a single parole hearing must be pursued by a writ of habeas corpus, and broad based challenges to the parole board's rules and proce- dures that affect a prisoner's release must also be pursued in habeas corpus if resolution of the factual and legal allegations would automatically entitle Applicant to accelerated release. see Gross v. Quarterman, 2007 U.S. Dist. LEXIS 92212; citing Cook v. Texas Dept. Crim. Justice, 37 F.3d 166, 168 (5th Cir. 1994).

8. In 2002, Applicant was convicted of offense under Texas Penal Code §22.021 -Aggravated sexual assault, where the State presented forensic evidence and facts to the jury/trier of fact, that tied

the forensic evidence-(sexually transmitted disease), and facts to
the Applicant. The jury found beyond a reasonable doubt that Appli-
cant was person responsible for committing aggravating elements of
offense on Oct. 22, 1994, when determining punishment for offense.

9.   In June, 2013, the Third Court of Appeals of Texas, in Cause
No. 03-12-00300-CR, entered Opinion in relation to an appeal of
post-conviction DNA test results/findings, under Chapter 64, (Art.
64.05) Tex. Code Crim. Proc., where the Court made contradictory
holdings relating to the trial court's findings and the DNA evid-
ence. Here, the Court of Appeals found that the forensic evidence
was tied to another circumstance, outside the record, and not the
Applicant, and that Applicant's DNA profile was excluded from the
forensic evidence-(vaginal swabs), At trial, the Prosecution had
claimed the forensic evidence was tied to Applicant. These new
holdings are directly related to the aggravating elements of of-
fense, for parole eligibility and for assessing punishment, and
have not been found by a jury beyond a reasonable doubt.

10.   On May 15, 2018, the Texas BPP considered statutory conditions
of Applicant's parole eligibility and suitability when parole re-
view panel considered and applied statutory aggravating elements
of offense to trial findings of 2002, instead of considering those
"new" holdings made by the Court of Appeals in relation to the
DNA test results.

<u>FACTUAL HISTORY OF THE CASE</u>
<u>RELATING TO FACTUAL BASIS OF CLAIM</u>

11.   Applicant has been incarcerated for over 21-years on this con-
viction, and held continuously for the last 18-years, after being
convicted of aggravated sexual assault in Feb., 2002. A jury assessed

punishment at 37 - years imprisonment based on facts that increase criminal penalty. By law, Applicant was required to serve half of sentence before becoming eligible for parole;

12.   At Applicant's trial of 2002, the State entered forensic eivdence - (sexual assault kit and bedsheet from apartment), and expert testimony, evidentiary facts and circumstances, to prove to the jury beyond a reasonable doubt that:  (1). Applicant was tied to said forensic evidence and facts; and (2). this evidence proved aggravating elements of offense for punishment purposes; and that offense occured on the evening of Oct. 22, 1994:

   a). At trial, Austin, Police Officer - Jackson, testified
   that victim stated assault occured on Oct. 22, 1994, and
   Officer collected forensic evidence from Hospital-(sexual
   assault kit), and from apartment-(bedsheet), on Oct. 22,1994;
   b). State's expert - Dr. Beth Nauert testified at trial from
   forensic documentary evidence-(Hospital Medical Records), and
   presented the jury with her version and interpretation of
   the forensic evidence and the facts and circumstances.
   (Tr. Rec., Vol. 7, pgs. 112-137) - (Attach. #1, St.H. C.)
     * that sexual assault exam found white vaginal discharge in victim,
     that Hospital tested the discharge and found it to be sexually trans-
     mitted disease - Trichomonas (STD), with live parasitic organisms;
     * that this was an "acute" assault;
     * that STD would have to come from fluid in the semen;
     * that victim "J.A." did not have symptoms of STD - Trichomonas
     at medical exam of Aug. 03, 1994;
     * that STD could be contracted after assault and that it's just a
     direct transmission from one person to another - that it does not
     have to incubate;

c). State's expert - Department of Public Safety, Crime Lab
scientist, testified at trial that he performed some DNA test-
ing on some of the evidence and found semen on bedsheet.
(Tr. Rec., Vol. 7, pgs. 158-168)- (St. H.C., Attach. #2);

d). The alleged victim - "J.A." testified at trial that Appli-
cant sexually assaulted her on Oct. 22, 1994, AND THAT SHE HAD
NOT HAD CONTACT OF SEXUAL NATURE BETWEEN AUG. 03, 1994 THRU
OCT. 22, 1994. (Tr. Rec. Vol., p. 38);-

e). that outcry witness - Mother of alleged victim,- Gina Nunez
testified at trial that victim had never been left alone with
Applicant except on Oct. 22, 1994. (Tr. Rec., Vol. 7., pg. 163);

13.   Applicant's trial counsel offered no objections to testimony
of State's expert's or witnesses; and Applicant's motions for dis-
covery and discovery of exculpatory evidence were denied. (Tr. Rec.);

14.   The jury found Applicant guilty of aggravating elements of
§22.021 Tex. Pen. Code. (Tr. Rec., Vol. 9, p. 9);

15.   The trial court instructed the jury that in deliberations on the punish-
ment, they may take into consideration all the evidence admitted
before you in the full trial of this case and the law submitted to
you by the Court.   (Tr. Rec., Vol. 9, p. 48);

a).   that certain issues have been submitted to you requiring the State
to prove the issue beyond a reasonable doubt, you are instructed as
follows. In the event you have reasonable doubt as to the issues submit-
ed, you will find against the State on such issue and not consider
the testimony relating to that issue for any purpose.
(Tr. Rec., Vol. 9, p. 50);

16.   In February, 2002, the jury assessed punishment at 37 - years
incarceration, and that Applicant would not be eligible for parole

6

until he served half of his sentence. (Tr. Rec., Vol. 9, p. 49-50);

17.. In 2009, Applicant requested and received post-conviction DNA testing on forensic evidence that the State used at his trial. The convicting court ordered testing to be conducted by the Texas Department of Public Safety - Crime Lab (DPS), and the DNA/Serology Test Results were released in June 18, 2010. The DPS report reflects in relevant part:  (St. H.C., Attach. #3);

    a). that DNA testing and analysis was performed on forensic evidence

    from sexual assault kit, and bedsheet from apartment;

    b). that human male DNA was not detected on the vaginal swabs;

    c). that DNA profile from vaginal swabs is consistent with a mixture .

    The victim cannot be excluded as contributor of major component in the

    profile...  No comparisons will be made to minor component in the pro-

    file due to the low number of alleles above our analysis threshhold.

The DNA testing excluded victim's DNA profile from all other items of evidence. In addition, the minor component found with victim's in DNA mixture from vaginal swabs was not detected in the other items that were DNA tested;

18.  The trial court found that Applicant failed to satisfy the exoneration requirement of Article 64.03(a)(2)(A) TX.C.Cr.P.;

19. On June 20, 2013, the Third Court of Appeals of Texas entered Opinion in relation to appeal of DNA test results under Article 64.05 TX.C.Cr.P., (No. 03-12-00300-CR)-(St. H.C., Attach. #4). The Opinion entered "NEW" factual holdings related to the forensic evidence and testimony that was presented by the State at trial. Based on DNA test results and analysis of trial record, the new holdings reflect, in relevant:

    a). "even if some biological evidence belonging to the vic-

tim's mother were discovered on the bedsheet or that some parasite were identified on the victim's vaginal swabs, such evidence would not prove by a preponderance of the evidence that Padilla did not commit aggravat-,ed sexual assault upon the victim ...";

b). "Even if the evidence was retested and determined to contain another person's DNA in addition to Appellant's DNA, it would not establish by preponderance of the evidence that Appellant would not have been con· victed if the jury had heard that DNA from a third party was present."; (St. H.C., Attach. #4, at p. 16);

 c). that identifying the victim's mother as the unknown individual who con-tributed to the semen stains on the bedsheet fails to raise the issue of identity, such evidence also fails to prove by a preponderance of the evidence that Padilla did not sexually assault the victim; the evidence merely shows that at some point Padilla and the victim's mother engaged in sexual activity on the bed. (St. H.C., Attach. #4, p. 17);

d). that identifying the minor component of the vaginal swab as trichomo-as DNA simply corroborates the fact that the victim had an STD and does not tend to prove Padilla's innocence. Moreover, Padilla was excluded as a contributor to the biological evidence on the vaginal swabs by prior DNA testing. (St. H.C., Attach. #4, p. 17);

e). that under the circumstances, neither the presence of the victim's mother's DNA on the bedsheet nor the presence of parasitic DNA on the vaginal swabs would be exculpatory or establish by a preponderance of the evidence that Padilla would not have been convicted.  (St. H.C., Attach. #4, p. 17);

f). The record reflects that the unidentified minor component of the mixture obtained from the vaginal swabs contained a low number of alleles,

8.

a number below the lab's threshhold for comparison...;   (Op. at p. 15);

 g). that, even if further testing could somehow identify

 parasitic DNA as Padilla suggests, this would not identify the assailant

or exculpate Padilla. Evidence of the existence of the trichomonas para-

site would merely indicate that the victim had contracted trichomonaniasis.

As Padilla acknowledges, evidence of the victim's STD was presented to

the jury at trial. He fails to demonstrate how the presence of this STD

identified the perpetrator or exculpates him.  (Op. at p. 15);

18.   On May 15, 2018, the Texas Board of Pardons and Paroles denied

Applicant parole and ordered a 3 - year set-off, scheduling next

parole date for May, 2021. Parole was denied for following reason:

Reason 2D -"THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS

OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION

OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR LIVES,

SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CON-

TINUEING THREAT TO PUBLIC SAFETY."

(see  Attach. #5)

19.   It would appear that the new holdings of the Court of Appeals

relate to the aggravating elements of the charged offense, and is

evidence of proof beyond a reasonable doubt that could have been

presented to the jury/trier of facts at sentencing. see BPP Rules

145.2(b)(2)(B). Texas Gov't. Code §508.144;

20.   The "new" factual holdings "disprove" the trial court findings,

thus, the new holdings have not been proved to a jury beyond a rea-

donsble doubt. The BPP's continued reliance on disproven factual

holdings of aggravating elements of sentence, violated Applicant's

6th and 14th Amendment rights;

9.

21.   Applicant was convicted of aggravated sexual assault, Texas Penal Code §22.021. The aggravating elements of this offense include but are not limited to:  contact or penetration of the person's anus, sexual organ, or mouth without person's consent, if the actor causes serious bodily injury or attempts to cause serious bodily injury or death of victim, or another person, and uses or exhibits a deadly weapon in the course of the criminal episode, or if the actor administer's certain drugs with intent of facilitation of the offense. see §22.021 TX. Pen. Code;

22.   An aggravated sexual assault under this section §22.021, is without the consent of the other person if the aggravated assault occurs under the same circumstances under §22.021 TX. Pen. Code;

23.   Under Article 37.07(§3)(a)(1) TX.C.Cr.P., evidence may be offered by the State or Defendant as to any matter the Court deems relevant at sentencing, including but not limited too: the prior criminal record of the defendant, his general reputation, his character, an opinion of his character, the circumstances of teh offense for which he is tried;

24.   Article 37.7 §4(a) TX.C.Cr.P., implicates provisions of the Texas Penal Code §22.021(f), which states, in relevant part:

   (f) - the minimum term of imprisonment for an offense under this section is increased to 25-years if:

      (2) - the victim of the offense is younger than 14-years of age at the time of the offense is committed and the actor commits the offense in a manner described by subsection (a)(2)(A) - (causes bodily injury or attempts to cause death of victim; or by acts or words places fear of bodily injury or death, or exhibits a weapon, or uses

drugs with intent of facilitating the commission of the offense...;

25.   The Texas Government Code §508.144, and Parole Rule 145.2(b)
(1)(2) of the Texas Administrative Code, provide guidelines for
parole review that include the following factors: 1. current
offense; 2. time served; 3. risk factors - (consideration for
public safety); 4. institutional adjustment; 5. criminal history;
6. official information supplied by trial officials including vic-
tim impact statements, and information in support of parole;

26.   The Texas Government Code §508,152  (Proposed Program of In
stitutional Progress)  provides, in relevant part:

   (a) Not later than the 120th day after the date an inmate is admitted

   to the institutional division, the department shall obtain all pertinent

   information relating to the inmate, including: 1. the court judge-

   ment; 2. any sentencing report; the circumstances of the inmate's offense

   3.     the inmate's previous social history and criminal record...;

27.   Under the sentencing procedure at trial, the State appears to
have proven certain aggravating elements of the offense based on
forensic factual findings that jury found beyond a reasonable doubt;

28.   Under Texas parole rules and guidelines, the Texas BPP appears
to have considered those same proven aggravated elements of the of-
fense, used at trial, as reasons for denial of parole;

29.   Given that the Third Court of Appeals of Texas held that Appli-
cant was not person tied to aggravated elements-(forensic evidence)
Applicant should be eligible for either a new trial, re-sentencing
for a lesser included offense, or at the very least, have the Texas
BPP re-consider his parole eligibility and suitability base on
new holdings of the Third Court of Appeals related to factually
insufficient evidence;

11.

30.  Pursuant to Texas BPP Rule 145.17 - (Request for Special Review, Release Denied), Applicant was entitled to a special review based on an error of law and/or violation of BPP Rule.

31.  Offender Padilla has no prior convicitons for 3g offenses under Article 42.12 TX.C.Cr.P.. Applicant has several alcohol related convictions involving Burglary and DWI. Applicant has one prior conviction resulting in prison sentence - (Burg. 1987), and has many parole violations based on technical violations of parole;

32. The convictions and parole violations occured over 21-years ago. Applicant has been a model prisoner in order to prepare for his release. Applicant has residence and employment awaiting him.

## GROUND #1

A VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED
STATES CONSTITUTION IS ACTIONABLE UNDER ARTICLE
11.07 TEXAS CODE OF CRIMINAL PROCEDURE RELATING
TO RESULT OF DEFECTIVE PAROLE HEARING.

33. Applicant re-alleges and incorporates herein by reference the allegations set forth in numbered paragraphs 1 thru 32;

34.   The Sixth Amendment to the U.S. Constitution is applicable to the State of Texas and those acting on its behalf under color of State law pursuant to the Fourteenth Amendment of U.S. Constitution;

35.   The Sixth Amendment guarantees "the right to a speedy and public trial, by an impartial jury" in all criminal prosecutions. U.S. Const., Amend. VI;

36.   That right, in conjunction with the Due Process Clause, requires that any fact that increases a criminal penalty be submitted to a jury and found beyond a reasonable doubt;

37.   The statutory conditions of parole eligibility are part of the punishment of a crime. Thus, any fact that is necessary to determine a prisoner's parole eligibility or ineligibility must be submitted to a jury and found beyond a reasonable doubt;

38.   A jury convicted Applicant of aggravated sexual assault after the State used forensic evidence and testimony related to sexually transmitted disease (Trichomonas)  to show and prove to the jury beyond a reasonable doubt that Applicant was the sole perpetrator, was the person responsible for transmitting the STD and forensic evidence to the alleged victim, to prove aggravating elements of offense to the jury, that Applicant committed the offense on the evening of Oct. 22, 1994;

39.   In Texas, Courts of Appeal have been given authority to con-

13.

sider the sufficiency of the evidence as well as other grounds on
appeal under post-conviction DNA testing statute. Art. 64.05 TX.C.Cr.P.;

40.  In this case, on appeal under Artl 64.05, the Third Court of
Appeals of Texas made holdings related to the factual sufficiency
of the evidence. The forensic evidence that supported the jury's
verdict, now, as a result of new DNA test results, appears so weak
as to render the verdict clearly wrong and manifestly unjust. A clearly
wrong and manifestly unjust verdict occurs where the jury's holding
"shocks the conscious" or clearly demonstrates bias. (see #17, above);

41.  NO JURY CONVICTED APPLICANT OF AGGRAVATED SEXAUL ASSAULT BY
THE PRESENTATION OF NEW HOLDINGS OF THE COURT OF APPEALS, RELATED
TO THE FACTUAL SUFFICIENCY OF THE EVIDENCE USED BY THE STATE AT
TRIAL, IN LIGHT OF POST-CONVICTION DNA TEST RESULTS:

42.  Rather, on information and belief the Texas BPP reached the
conclusion that the record indicates the instant offense has aggra-
vating elements of brutality, violence, assaultive behavior... .
The BPP's extrajudicial determination of "trial records"-(that
have not been updated to reflect the holdings of the Court of Ap-
peals relating to the factual sufficiency of the evidence) —appears
to be the primary basis for its denial of Applicant's parole and
his current ineligibility and unsuitability for parole;

43.  The question of HOW, WHEN, and WHERE the alleged victim con-
tracted the sexually transmitted disease (STD) -(source of STD),
and teh relation of STD to aggravating elements of the offense,
during the commission of the alleged assault on Oct. 22, 1994 was
neither admitted to by Applicant or submitted to a jury and found
beyond a reasonable doubt. Therefore, it is illegal and unconsti-
tutional for the BPP to deprive Applicant of his parole eligibility

14.

and suitability based on unilateral  determination that Applicant
was and is responsible for aggravating elements that allegedly
occured during the commission of the offense in this instance;
44. The BPP has a continuously maintained their unconstitutional
and illegal policy, in this instance, of depriving Applicant
parole eligibility since 2015, and maintain that policy today.
As a consequence of this continueing unconstitutional policy,
Applicant is currently ineligible and unsuitable for parole.
(see parole rule 145.2(b)(1)(2), 145.2(b)(2)(B); Texas Code of
Crim. Proc., Art. 37.07 §4(a); and Tex. Pen. Code §22.021(f);
and Tex. Gov't. COde §508.144 and §508.152);
45.   These acts of the BPP violates Applicant's Sixth Amendment
right to trial by jury.

## GROUND #2

VIOLATION OF THE FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION IS ACTIONABLE UNDER ARTICLE
11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE RELATING
TO THE RESULT OF A DEFECTIVE PAROLE HEARING.

46.  Applicant Padilla re-alleges and incorporates herein by ref-
erence to allegations set forth above in numbered paragraphs #1
thru #45;

47.  The Due Process Clause of the Fourteenth Amendment to the U.S.
Constitution provides, in relevant part, that the State shall not
deprive any person of life, liberty, or property, without due pro-
cess of law. U.S. Const. Amend. XIV, §1;

48.  Prisoner's have a protected liberty interest in being consi-
dered for discretionary parole;

49. The Texas BPP deprived Applicant of parole eligibility without
affording him the minimum procedural protections requeired by the
Due Process Clause. In fact, BPP deprived Applicant of parole eligi-
bility and suitability in violation of Article 37.07 §3(a)(1); Tex.
C. Crim. Proc.; Tex. Pen. Code, §22.021; Tex. Gov't. Code §§508.144
and 508.152; and BPP Rule 145.2(b)(2);

50.  Article 37.07 §3(a)(1), applies to evidence offered by the State
or defendant relevant to sentencing such as criminal history, cir-
cumstances of offense for which defendant was tried... . BPP rule
145.2(b)(1)(2) applies to guidelines for parole review that include
factors such as:  current offense. criminal history, official information
supplied by trial officials including victim impact statements;

51.  At trial, the following instruction was given to the jury:

"Certain issues have been submitted to you requiring the State
to prove the issue beyond a reasonable doubt, and on the issues of

reasonable doubt you are instructed as follows:

In the event you have reasonable doubt as to the issues submitted,

you will find against the State on such issue and not consider the

testimony relating to that issue for any purpose."

52.   The BPP's unconstitutional deprivation of Applicant's right

to be considered for parole by using unproven facts, when applying

elements of offense and BPP rules in a manner that is patently

inconsistent with plain language laws requiring the State to

prove its case beyond a reasonable doubt. On its face, Tex. Pen.

Code §22.021 requires conviction of aggravated sexual assault by

presentation of proof of aggravating elements of offense. It does

not permit extrajudicial determination by the BPP that a parti-

cular sexual assault may have been committed by using aggravating

elements, and consequently violates Applicant's right to Due Pro-

cess under the Fourteenth Amendment;

53.   In light of the factual insufficiency of the trial record,

based on the new holdings of the Third Court of Appeals, the ongo-

ing failure of the BPP to correct, or seek correction upon request,

of illegal tri 1 findings, and thereby participate in the depriva-

tion of Applicant's parole eligibility and suitability, also vio-

lates the Due Process Clause;

Respectfully submitted,

Guadalupe Padilla #1088118
C.T. Terrell Unit, 1300 FM 655
Rosharon, TX   77583

17.

## UNSWORN DECLARATION

I, Guadalupe Padilla, TDCJ-CID No. 1088118, being presently incarcerated in the C.T. Terrell Unit, TDCJ-CID, in Brazoria County, Texas do hereby declare under penalty of perjury that the foregoing statements and information are true and correct to the best of my beliefs. Signed on this the *26th* day of *July* 2019.

*Guadalupe Padilla*     *Pro Se*

18.