# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE PADILLA | § | |
| | § | |
| V. | § | A-19-CV-769-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner Guadalupe Padilla's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's memorandum in support (Document 2); Respondent Lorie Davis's Answer (Document 10); and Petitioner's Reply (Document 11). Petitioner, proceeding pro se, paid the full filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part.

## STATEMENT OF THE CASE

**A.  Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas. Petitioner was sentenced to 37 years' confinement for aggravated sexual assault of a child and 15 years' confinement for indecency with a child. Petitioner purportedly challenges the denial of parole in 2018.

On May 15, 2018, the Board of Pardons and Paroles (the "Board") notified Petitioner that his parole had been denied. The Board indicated as reasons for the denial:

> 2D The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.

Petitioner challenged the denial of his parole in a state application for writ of habeas corpus. The Texas Court of Criminal Appeals denied the application without written order on May 8, 2019. *Ex parte Padilla*, Appl. No. 61,391-14.

**B.     Petitioner's Grounds for Relief**

Petitioner contends his Sixth and Fourteenth Amendment rights were violated as a result of a defective parole proceeding. Petitioner explains the Board's continued reliance on on what he contends are disproved factual holdings of aggravating elements of his sentence violates his rights. In addition, Petitioner asserts the Board violated his rights when it failed to consider facts that decrease the criminal penalty. Petitioner appears to argue that the reasons given for the denial of parole are "aggravating elements of the charged offense" what are required to be presented to the jury or trier of fact at sentencing. Plaintiff believes the Third Court of Appeals determined that he was not the person tied to the aggravating elements and he deserves a new parole hearing. Petitioner contends he is eligible for either a new trial, a new sentence for a lesser included offense or the reconsideration of his parole eligibility and suitability.

**C.     Rule 5 Statement**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent

shows that Petitioner has properly raised these claims in previous state court proceedings. Respondent also admits Petitioner's federal application was timely filed. Respondent does, however, contend Petitioner's application is successive. Alternatively, Respondent argues the application is without merit.

## DISCUSSION AND ANALYSIS

**A.      Successive**

Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). A district court lacks jurisdiction to consider a successive § 2254 without the appropriate authorization from the Fifth Circuit. "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, an application is successive when it raises a claim that was "ripe" at the time the applicant filed his prior application or when the application otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 220–22 (5th Cir. 2009); *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

Respondent notes Petitioner has filed many direct and collateral attacks of his conviction in federal court. In particular, Petitioner challenged his conviction in Cause No. 1:06-CV-033-SS, the denial of parole in 2015 in Cause No. 1:16-CV-975-SS, and the denial of a second post-conviction DNA test in 1:17-CV-1042-SS. In the case at hand Petitioner challenges the denial of his parole in 2018. Petitioner's claims concerning his 2018 parole denial and request for a new parole hearing are not successive because they could not have been presented in an earlier application. *See In re*

3

*Cain*, 137 F.3d at 235. However, Petitioner also implicitly challenges his original conviction and continues to argue he is actually innocent. To the extent Petitioner challenges anything other than the 2018 parole denial and requests a new trial or lesser sentence, his application is successive, and the Court lacks jurisdiction over those claims. Accordingly, the Court should dismiss Petitioner's application to the extent he challenges anything other than the 2018 parole denial.

**B.     2018 Parole Denial**

Petitioner's claims regarding the denial of parole are analyzed pursuant to the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA). The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the AEDPA. *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When the state court does not explain its decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on

5

a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

Petitioner presented his claims regarding the 2018 parole denial in his state application for habeas corpus relief. The Texas Court of Criminal Appeals denied Petitioner's application. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. The starting point is to recognize that the Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other

aspects of parole procedures. *Id.* at 308 (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Thus, parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with <u>complete discretion</u> to grant, or to deny parole release. . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

Moreover, the Sixth Amendment is inapplicable to Petitioner's case. The right to a jury trial does not apply to parole determinations. Petitioner's 37-year sentence has not been extended by the Board, and his eligibility for parole has not been changed. Rather, the Board determined Petitioner was not suitable for release on parole. Petitioner cites no legal authority to support his contention

7

that he has a right to a jury determination on matters related to the suitability of parole. Accordingly, Petitioner's claims challenging the denial of parole do not warrant federal habeas relief. His application for habeas corpus relief challenging the denial of parole in 2018 should be denied.

## RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **DENY** Petitioner's application for writ of habeas corpus to the extent it challenges the denial of parole in 2018, and **DISMISS** the application for want of jurisdiction to the extent it challenges his underlying conviction or sentence.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the rules governing 2254 cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 13th day of April, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE